# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

―――――――――――――――――――

Lottie E.,                                    Case No. 18-cv-39-KMM

        Plaintiff,

v.                                            **ORDER**

Nancy Berryhill,

        Defendant.

―――――――――――――――――――

The above matter came before the undersigned on February 26, 2019 upon Plaintiff's Motion for Summary Judgment (ECF No. 10) and Defendant's Motion for Summary Judgment (ECF No. 12). The Court heard oral argument on the matter and then ruled on the record at the hearing. The Court carefully explained its reasoning during its ruling from the bench, and this order is intended to briefly restate that ruling.

The Court's evaluation of an ALJ's determination is performed with great deference to the ALJ. *See Kelley v. Barnhart*, 372 F.3d 958, 960 (8th Cir. 2004). The Court only reviews the ALJ's conclusions to determine whether they are consistent with the law and whether they are supported by substantial evidence in the record as a whole. *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006); *Tellez v. Barnhart*, 403 F.3d 953, 956 (8th Cir. 2005). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). Where substantial evidence supports the Commissioner's findings, the Court should not reverse those findings merely because other evidence exists in the record

to support the opposite conclusion. *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994).

Ms. E. argued that the ALJ erred when he failed to give controlling weight to the opinions of two treating source doctors, Dr. Payne and Dr. Miller, who both recommended substantial sitting and standing limitations for Ms. E, which would have required a finding that she is disabled under the Social Security Act. The Court found that this argument did not carry the day for several reasons. First, neither treating source opinion was consistent with the physician's own notes. Second, Dr. Payne and Dr. Miller's findings were inconsistent with the overall weight of the record. Third, Dr. Payne and Dr. Miller's findings relied heavily on Ms. E.'s subjective complaints, which the ALJ found were inconsistent with the objective medical evidence in the record. Fourth, Ms. E.'s reports of activities of daily living did not support Dr. Payne and Dr. Miller's conclusions.

Accordingly, upon all of the files, records and proceedings herein, and for the reasons stated on the record at the hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Summary Judgment (ECF No. 10) is DENIED

2. Defendant's Motion for Summary Judgment (ECF No. 12) is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 6, 2019         *s/ Katherine Menendez*
                             Katherine Menendez
                             United States Magistrate Judge